Dexter *v.* Bebenek, Appellant.

Argued April 19, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

2

*Frank E. Garrigan,* for appellant.

*William Harvey Wiest,* with him *Wiest & Younkin,* for appellees.

OPINION BY MR. JUSTICE POMEROY, October 16, 1974:

The parties to this action in equity are adjoining landowners in a predominantly residential section of Ralpho Township, Northumberland County. As part of a commercial enterprise, Frank Bebenek, the appellant, stores lumber and construction materials upon his land. The Dexters, who use their property as a residence, brought this suit against Bebenek, seeking to enjoin him from using his property as a depository for used building materials, plumbing fixtures, sinks, toilets and trash. After receiving testimony from the Dexters and Mr. Bebenek, the chancellor found that the Bebenek land had in fact been used in the manner complained of, and that this use had created a haven for rats and snakes. Applying the law of nuisance to these facts, he concluded that it was unreasonable for the appellant to operate his business in this manner. Accordingly, the chancellor entered a decree nisi, thereafter made final, requiring that the land be cleared of trash, debris, junk, useless lumber and building materials and all like personalty which was not essential to the appellant's lumber and construction business. Challenging the finding that a nuisance existed, Bebenek took this appeal. We affirm.

It is undisputed that equity may enjoin an otherwise lawful business when its operation is so unreasonable as to constitute a nuisance. *Guarina v. Bogart,* 407 Pa. 307, 313-14, 180 A.2d 557 (1962) ; *Reid v. Brodsky,* 397 Pa. 463, 469-70, 156 A.2d 334 (1959). In apply-

ing this principle, we have upheld a decree barring the operation of a restaurant where the conduct of its patrons seriously interfered with the residential life of the neighborhood. *Commonwealth v. Tick, Inc.*, 427 Pa. 120, 233 A.2d 866 (1967); *Reid v. Brodsky, supra,* at 471. In the presence of less offensive conduct, noise from a loud speaker at a drive-in theater, we have sustained a decree requiring installation of a speaker system which would minimize that noise. *Guarina v. Bogart, supra,* at 315.

In all cases, the appropriateness of a particular form of relief is to be tested by balancing the seriousness of the injury against the cost of avoiding it and the importance of the conduct causing it. *Herring v. H. W. Walker Co.*, 409 Pa. 126, 133, 185 A.2d 565 (1962); *see Folmar v. Elliot Coal Mining Co., Inc.*, 441 Pa. 592, 596, 272 A.2d 910 (1971). Because the relief here is limited to prohibiting storage of materials not essential to the appellant's business, the cost to his enterprise is necessarily small. Indeed, the appellant does not complain of the cost of compliance, but addresses himself only to the first half of the balancing equation, asserting that the injury incurred by the complainants is not serious enough to entitle them to relief. His position is that relief does not become available unless the material upon his land creates noisome odors or his manner of operation creates offensive sounds. It is clear, however, that maintaining a haven for rats and snakes presents a substantial health hazard to surrounding property owners.* Such a health hazard interferes with the residential life of the complainants with a severity at least equal to the interference of a restaurant which attracts unruly patrons, as in

---

* While the chancellor did not make an express finding that a health hazard had been created by appellant's use of his land, that conclusion is implicit in the finding that rats infested the piles of junk material.

4

*Reid v. Brodsky, supra,* or a drive-in theatre which uses large amplifiers, as in *Guarina v. Bogart, supra.* See Prosser, Torts, §89, at 591-93 (4th ed. 1971). The result reached in those cases is ample authority to uphold the exercise of the chancellor's discretion in granting the relief in the case at bar.

Decree affirmed. Costs on appellant.