Bethel Park School District, a Second Class School District, Appellant *v.* Bethel Park Federation of Teachers, Local 1607, American Federation of Teachers, AFL-CIO, Appellee.

Argued February 6, 1980, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, BLATT, CRAIG and MACPHAIL. Judges ROGERS and WILLIAMS, JR. did not participate.

*Donald T. O'Connor,* with him *John S. Brendel, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Ron*

*J. McKay,* and of counsel, *Reed B. Day, Peacock, Keller, Yohe & Day,* for appellant.

*Louis B. Kushner,* with him *Stephen H. Jordan,* and *Ronald G. Backer, Rothman, Gordon, Foreman & Groudine,* P.A., for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 29, 1980:

On August 22, 1979, the Appellant Bethel Park Federation of Teachers, Local 1607, American Federation of Teachers, AFL-CIO (Union), struck in the Bethel Park School District (School District). After 27 instructional days had been lost in the 1979-80 school year, appellee School District, on October 2, filed a complaint in equity in the Allegheny County Common Pleas Court seeking a preliminary injunction against the Union and its officers and members from continuing to strike. The statutory basis is the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1103 (Act 195), which allows equitable relief "if the court finds that the strike creates a clear and present danger or threat to the health, safety, or welfare of the public." Hearings were conducted and on October 17 a preliminary injunction ordering union members to immediately return to work issued.

The propriety of injunction and back-to-work orders by the Chancellor is not being directly challenged. At issue here is the scope of the back-to-work order which fixes the terms and conditions under which the teachers would work and also sets the calendar for the school year. Specifically in controversy is paragraph three of the Chancellor's order which reads:

That the members of the defendant Union return to their duties for 180 instructional days and 8 in-service days to be scheduled by the School District under the wages and benefits

and other terms and conditions of employment contained in the collective bargaining agreement last expiring between the parties as modified by Plaintiff's last offer to the Union as set forth in Plaintiff's Exhibit 7 and 7A introduced into evidence in the above styled proceedings.

In reviewing the Chancellor's order, we are limited to a determination of whether or not apparently reasonable grounds existed for the equitable relief ordered by the court below and unless it is plain that no such grounds existed or that the rules of law relied on were palpably wrong or clearly inapplicable, we must affirm. *Bristol Township Education Association v. School District of Bristol Township*, 14 Pa. Commonwealth Ct. 463, 322 A.2d 767 (1974).

There is no common law equity jurisdiction in Pennsylvania and courts of equity in the Commonwealth may exercise only those equitable powers which have been specifically conferred by the legislature. *Commonwealth v. Ryan*, 459 Pa. 148, 327 A.2d 351 (1974). In school teacher contract disputes, we have held that the equity jurisdiction of common pleas courts is limited by Section 1003 of Act 195 and that they may only act to end a strike and cannot impose any judicial settlement on the parties. *Bristol, supra,* and *Armstrong School District v. Armstrong Education Association (Armstrong II)*, 5 Pa. Commonwealth Ct. 387, 291 A.2d 125 (1972). Here, the School District contends that the Chancellor went beyond the power conferred on him and exceeded his jurisdiction by a judicially imposed back-to-work order which incorporated terms of employment never previously in effect nor subsequently agreed upon by the bargaining parties.

The Union contends that once the School District invoked the jurisdiction of the court below under Section 1003 of Act 195, the court thereafter had the pow-

er to impose any equitable relief it believed necessary to settle the dispute. The statutory basis of this argument is that language of Act 195 which empowers a Chancellor to order "equitable relief including but not limited to appropriate injunctions." The Union emphasizes the word "appropriate" and contends the language is meant to give broad latitude to a Chancellor in fashioning the fairest possible injunction.

Our reading of the clear statutory language of Act 195, coupled with judicial precedents of this Court, does not support the Union's interpretation. The Chancellor here was empowered to grant only such equitable relief as was necessary to end the strike. Any further equity powers would have to come from a further statutory grant. *See Armstrong II, supra.* Unlike the case of *Bristol, supra,* where this Court upheld a Chancellor's order that "employees shall return to duty under terms and conditions of employment contained in the last bilaterally, voluntarily assented-to contract between the parties" and that mutually agreed upon changes to the contract should be heeded by the parties, the order by the Chancellor in the instant case goes one step further by modifying the expired collective bargaining agreement to encompass the School District's last offer to the Union in negotiations. By including in the back-to-work order the terms and conditions included in the School District's last offer to the Union, the Chancellor has impermissibly imposed conditions on the parties which had not previously been in effect nor subsequently agreed to by the parties. In fact, the School District argues the incorporated proposal was made on the understanding that it would become the first year of a three-year package being offered to the Union. It contends that multi-year collective bargaining agreements are customary between school districts and teachers, and that it generally offers a larger percentage of an

increase in benefits in the first year of a contract in order to obtain a multi-year pact.

For these reasons, we will affirm the order of the Chancellor, but we do so only to the extent that it enjoins the continuation of the strike, provides for a return to work under previously existing conditions, and orders continued negotiations under the supervision of the Pennsylvania Bureau of Mediation. We reverse that portion of paragraph three of the Chancellor's order which incorporates the School District's last offer to the Union as part of the terms and conditions of employment.

Accordingly, we

### ORDER

AND Now, this 29th day of April, 1980, the order of the Court of Common Pleas of Allegheny County, Civil Division, Docket No. GD79-26350, dated October 17, 1979, is hereby affirmed in part and reversed insofar as it orders a return to work under conditions and terms of employment contained in Appellant's Exhibits 7 and 7A.

President Judge BOWMAN did not participate in the decision in this case.