## Mish v. Elks Country Club

*Joseph Policicchio,* for plaintiffs.
*George Raptosh,* for defendant.

SHAULIS, *J.,* June 22, 1983—Plaintiffs, husband and wife, are the owners of property situated in Conemaugh Township, Somerset County, Pa. Said real estate contains a residential dwelling thereon. This home is located adjacent to the fairway of the first hole of the golf course owned by defendant.

Allegedly, a protective netting[1] was erected and visible on the golf course when plaintiffs purchased their property in 1974. This netting protected plaintiffs' land from errant golf balls. Over the years, the netting has deteriorated to the point where it is no longer effective so that golf balls now come onto plaintiffs' property regularly, striking family members and plaintiffs' house and land. Plaintiffs have

---

1. Plaintiffs' witnesses testified that a net protecting the property was put in place sometime during the 1950's while defendant's witnesses estimated the netting was erected around 1972. None of the witnesses could positively state who erected the net.

requested that we grant them such equitable relief as is deemed proper to prevent such from occurring.

"A trespass is an invasion of the interest in the exclusive possession of land, as by entry upon it. A nuisance is an interference with the interest in the private use and enjoyment of the land, and does not require interference with the possession." Restatement (Second) Torts §821 D, Comment d. See also: P.L.E. Nuisance §1.

It is possible to characterize the complained of activity as a nuisance. The continuing possibility (probability) that balls will strike plaintiffs' property is clearly an invasion of their interest in the private use and enjoyment of the land. See: City of Erie v. Gulf Oil Corp., 395 Pa. 383, 150 A.2d 351 (1959); Gleason v. Hillcrest, 148 Misc. 246, 265 N.Y.S. 886 (1933); Restatement (Second) Torts §821 D; 4 AmJur 2d, Amusements and Exhibitions §43; 68 ALR 2d 1331. On the other hand, this can also be viewed as a trespass. See: Mruskovic v. McMullen, 65 Montg. Co.L.R. 257 (1949).

Although a nuisance and trespass are two distinct types of torts we do not have to select one or the other in order to proceed. In fact, an interference with the use and enjoyment of land can amount to a private nuisance even though it may arise out of or be accompanied by a trespass. The action may be maintained upon either basis. See: Restatement (Second) Torts §821 D, Comment e.

In any event, equity will provide relief to prevent trespasses or nuisances of a continuing and permanent character. Gray v. Phila. & Read. & I. Co., 286 Pa. 11, 132 A. 820 (1926).

"In all cases, the appropriateness of a particular form of relief is to be tested by balancing the seriousness of the injury against the cost of avoiding it

and the importance of the conduct causing it." Dexter v. Bebenek, 458 Pa. 1, 327 A.2d 38 (1974).

With this background, a review of the few reported opinions is in order at this juncture.

Mruskovic v. McMullen, supra, involved a situation where the defendants owned and operated a driving range adjoining the plaintiff's trailer park. On numerous occasions, golf balls driven by defendants' patrons had struck and damaged trailers. The court regarded this as a continuing trespass in that it was a mental and physical hazard to the occupants of the trailer park. An injunction restraining defendants from operating the driving range was issued until defendants provided adequate safeguards to protect plaintiff's property.

In another case, an injunction was issued to terminate one hole of a golf club's nine hole course due to flying golf balls which fell on adjacent landowners' properties in great numbers. The court reached its conclusion even though the fairway in question had occupied its location since well before the time that the plaintiffs purchased their property. Fenton v. Quaboag Country Club, Inc., 353 Mass. 534, 233 N.E.2d 216 (1968). But see: Sans v. Ramsey Golf & Country Club, Inc., 29 N.J. 438, 149 A.2d 599, 68 ALR 2d 1323 (1959).

The court in Patton v. Westwood Country Club Co., 18 Ohio App. 2d 137, 47 Ohio Ops. 2d 247, 247 N.E. 2d 761 (1969), recognized that the activity of defendant's erring golfers could be termed a nuisance. Plaintiff had purchased a parcel of land immediately adjacent to a fairway of the country club. Stray golf balls purportedly landed on her property on numerous occasions. The court denied plaintiff's petition for an injunction apparently for the reasons that defendant had attempted in the past to remedy the problem, and plaintiff's suggested changes to

the fairway in question would entail a great expense without decreasing the golf hazard to neighboring homeowners.

The court in Nussbaum v. Lacopo, 27 N.Y. 2d 311, 317 N.Y.S. 2d 347, 265 N.E. 2d 762 (1970), also denied an injunction sought against a country club by an adjacent property owner. The court's refusal was premised on the fact that only one or two golf balls a week struck plaintiff's property. By implication, an injunction may have been granted if the frequency of misplayed golf balls was greater.

It appears then, that in the instant case equity may, under the proper conditions, grant relief. See also: 60 ALR 2d 320, §13; 62 ALR 782.

"If . . . devices may be employed in the operation of the business . . . causing and producing the annoying and damaging consequences to others in the lawful use of their premises then the law will require the changes necessary provided of course the cost thereof is reasonable and the chances of mitigating the annoyance, nuisance and losses are more probable than not under all of the circumstances." J. E. Herring Motor Company v. H.W. Walker Company, 21 Somerset L.J. 65 (1961), vacated for other reasons 409 Pa.126, 185 A.2d 565 (1962). Thus, in certain situations it is proper for the defendant to take necessary measures to correct the complained of activity. See: Herring v. H. W. Walker Company, supra; Guarina v. Bogart, 407 Pa. 307, 180 A.2d 557 (1962); Burr v. Adam Eidemiller, Inc., 386 Pa. 416, 126 A.2d 403 (1956); Mruskovic v. McMullen, supra.

In the instant proceedings we feel that plaintiffs are entitled to equitable relief. The misplayed golf balls cause not only an obvious discomfort in the enjoyment of plaintiffs' land, but also threaten the health and welfare of anyone who happens to be on

plaintiffs' property, along with the potential injury to the property itself. The benefits provided by the erection of a new net far outweigh the costs involved.

Defendant attempted to establish that it did not erect the now dilapidated netting. This is irrelevant in that a previous owner of plaintiffs' land may have undertaken the task of correcting the dangerous condition. That does not release defendant from remedying the hazard in the future. Nor does it foreclose plaintiffs from seeking relief at this point in time.

In addition, we do not believe the fact that the golf course was in existence prior to plaintiffs' purchase has any bearing on our decision.[2] First, plaintiffs were not familiar with the particulars of the golf game. See: Fenton v. Quaboag Country Club, Inc., supra. Second, the protective netting was in place at the time that plaintiffs acquired their home. Consequently, as Mr. Mish's testimony indicates, plaintiffs relied on the continued upkeep of the netting by defendant, thereby negating any assumption of the risk.

We have taken the opportunity to view the premises, and an inspection of plaintiffs' house reveals that there are golf ball marks covering a great portion of the house. The testimony also reveals that one of plaintiffs' children was injured by a ball while playing on plaintiffs' own premises. It is our opinion that most of the danger can be remedied by the erection of a screen, discontinuing use of the one tee or changing the tee's location.

---

2. Testimony pointed out that plaintiffs' home was built prior to the construction of the golf course.

## ORDER

Now, this June 22, 1983, it is ordered and decreed that the prothonotary is directed to issue an injunction, restraining defendant from operating the first hole of its golf course unless proper means are taken by defendant to so protect plaintiffs' property as to prevent balls driven from defendant's property being driven upon the property of plaintiffs. Defendant is allowed 45 days to comply with this order.