Farris v. Swetts (et al., Appellant).

646

Argued March 5, 1946. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Michael F. McDonald, Sr.,* for appellant.

*John R. Reap,* with him *Richard B. Sheridan, John R. Reap, Jr.,* and *Anthony W. Wallace,* for appellee.

OPINION BY BALDRIGE, P. J., April 10, 1946:

Stephen A. Farris, tax collector of the Borough of Swoyerville, Luzerne County, filed a bill in equity against the school directors praying that an injunction issue restraining them from "enforcing and demanding" that he receive the school tax duplicate for the year 1943 and accept a reduction of commissions from 4% to 2% on taxes collected before the penalty period.

Farris had held his office for the nine previous years, during which time his commission was fixed by the various school boards at a straight 4% on all school taxes collected, with a proviso that commissions should not exceed $2400. He was required to pay all expenses of collection. At a special meeting of the board, called on July 17, 1943, upon a one-day notice to the members, his commission was reduced from a straight 4% to 1% on all taxes collected before the penalty period and the 4% thereafter remained. The tax collector notified the solicitor of the board on September 5, 1943, that he would apply to the court for injunctive relief on Sep-

tember 7, 1943. At the request of the solicitor the bill in equity was not presented until September 9. On September 8, the day after notice was given of the intention to apply to the court for relief, the board had a meeting and increased the tax collector's commission to 2% on all taxes collected before the penalty.

Farris averred that the reduction of his commission was arbitrary and an abuse of discretion as it denied him fair and reasonable compensation for the services rendered; that the board's action was prompted by personal and political enmity, and as a retaliation as he and the president of the board were leaders of two dominant political factions, which had become unfriendly.

The respondents in their answer denied the plaintiff's averments to which we have just referred, and alleged the reduction in his commission was due to the necessity of economizing as their expenses were in excess of their income and revenue; that an investigation that had been made revealed that the commissions fixed were fair and reasonable and comparable with commissions paid in other school districts in the county of approximately the same size where similar conditions prevailed.

The chancellor found that political differences had arisen between the tax collector and president of the school board, which resulted in an "open political rupture . . . in the middle of July, 1943"; that the regular budget adopted May 28, 1943, as previous budgets, included an item appropriating $2500 for the collection of the school taxes; that no employe's compensation was reduced, other than that of the tax collector, and that arrangements were being made to assume further financial obligations by buying ground to be used as an athletic field, notwithstanding the school district was in financial distress. He concluded that the previous 4% commission netted the plaintiff, after deducting $500 for costs, about $1900 a year, which was a fair, rea-

sonable and just compensation for the services rendered; that a rate of 1% would give him only $351.37 and a 2% commission would yield a net compensation of $944.38, which was "inadequate, unreasonable and unfair compensation for the services of collection and was designed to circumvent equity and to persecute the Collector." He decreed that the directors turn over the 1943 tax duplicate to the plaintiff and that he be paid a straight 4% commission on all taxes collected, which shall not in any event exceed $2400, and that he pay all costs of collection.

The respondents' exceptions to the chancellor's findings were dismissed by the court in banc. Morris Regan, a taxpayer and intervening defendant, appealed.

Under the Act of May 18, 1911, P. L. 309, 343, Art. V, §554, 24 PS §605, a school board has the right to fix the commissions of a tax collector. But this power is not absolute; equity will interfere where the board has been improperly influenced by considerations other than the public interests, and has been guilty of abuse of discretion. We recognize that when one attacks the action of a school board concerning matters committed by law to its discretion, he has a heavy burden as the courts are not prone to disturb a school board's decision. Indeed, they are without jurisdiction to interfere therewith unless it is apparent that the school board's conduct is arbitrary, capricious and to the prejudice of public interest. Lack of wisdom or mistaken judgment is insufficient: *Lamb v. Redding*, 234 Pa. 481, 484, 485, 83 A. 362.

In *Mason v. Hanover Township School District*, 242 Pa. 359, 89 A. 552, and *Ritzman v. Coal Township School Directors*, 317 Pa. 271, 176 A. 447, the Supreme Court held that equity had jurisdiction to enjoin the board's payment of excessive commissions to its collector of taxes where such action amounted to an abuse of discretion. In the *Mason case* the court said page 363: "But as the court below well says, it is apparent that

there must be somewhere a line of demarcation between the exercise of reasonable official discretion in fixing compensation upon the one hand, and a clear abuse of that discretion, and the unreasonable performance of duty, upon the other. No specific rate of compensation is fixed by the law. It contemplates the exercise of reasonable discretion by the school board, in the interest of the public. The language of the School Code is not, however, to be construed as vesting in the school board an arbitrary discretion, to be used in defiance of the public interest, and without restraint; . . ." That language was cited with approval in the *Ritzman case* page 277.

In *Robb et al. v. Stone et al.,* 296 Pa. 482, 146 A. 91, the school board was enjoined from abandoning one building site and choosing another on the ground that the directors' decision to change the site was for their personal convenience and that of their families. In affirming the lower court's order, granting an injunction, our Supreme Court stated that it could not say that the lower court erred in concluding that the board exercised "arbitrary will and caprice" actuated "by other considerations than the public interests."

The appellant admits that equity may enjoin the payment of excessive compensation, but contends that it is without jurisdiction to compel the board to raise commissions which are alleged to be too low. We think, however, that the broad principle enunciated in the cases we have cited is authority for the action of the court below in the instant case. If a court of equity is without jurisdiction in the present circumstances, a school board may fix compensation at $\frac{1}{2}\%$ for the collection of taxes. Certainly such niggardly, as well as exorbitant, compensation is subject to review and correction. The public interest is affected whether the collector's compensation is grossly excessive or entirely inadequate. In either event the board is acting capriciously.

In *Miller v. School District of North Versailles Township,* 123 Pa. Superior Ct. 65, 186 A. 185, where we affirmed a decree refusing the tax collector relief, the school district had reduced the commission from 3½% to 2% and held that her acceptance of the duplicate at the reduced rate estopped her and she did not establish that "the action of the school board was motivated by considerations other than those of the public interest." There, as in *Sefler v. MeKees Rocks Borough,* 72 Pa. Superior Ct. 81, there was no finding upon sufficient evidence that there was an abuse of discretion.

Judges of well-recognized ability in our lower courts have held that equity jurisdiction is not limited to cases where the board pays excessive commissions. In *Miller v. North Versailles Township et al.,* 31 D. & C. 139, an aftermath of the same case before this court, supra, the commissioners of the township reduced the commissions of the tax collector from 5% to 2½%. Judge ELDER W. MARSHALL held that such lowered commissions were so grossly inadequate and unreasonable as to constitute an abuse of discretion, even though no improper motive was shown and accordingly ordered the prior commissions reinstated.

Judge CARR in *Fornwalt v. Riffle,* 4 Fayette 192, following the *Miller case,* set aside an order fixing a tax collector's commission at 2% as constituting an abuse of discretion and held that the public interest was affected whether the tax collector's commission was unreasonably high or low.

As there was ample evidence to support the findings of the chancellor, which were affirmed by the court in banc, we are of course bound thereby in this appeal: *Williamson v. Barrett,* 147 Pa. Superior Ct. 460, 465, 24 A. 2d 546.

Concluding as we do that the plaintiff was entitled to equitable relief we affirm the order and decree of the court below at appellant's costs.