Bethel Park School District, a Second Class School District, Appellant *v.* Bethel Park Federation of Teachers, Local 1607, American Federation of Teachers, AFL-CIO, Appellee.

Bethel Park Federation of Teachers, Local 1607, American Federation of Teachers, AFL-CIO, Appellant *v.* Bethel Park School District, Appellee.

Argued June 4, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., ROGERS, BLATT, CRAIG, MACPHAIL and WILLIAMS, JR. Judge MENCER did not participate.

*Donald T. O'Connor*, with him, *John S. Brendel, Buchanan, Ingersoll, Rodewald, Kyle & Buerger*, for appellant, Bethel Park School District.

*Louis B. Kushner*, with him *Stephen H. Jordan, Sandra R. Kushner*, and *Ronald G. Backer, Rothman, Gordon, Foreman & Groudine, P.A.*, for appellee, Bethel Park Federation of Teachers, Local 1607, American Federation of Teachers, AFL-CIO.

OPINION BY PRESIDENT JUDGE CRUMLISH, September 24, 1980:

In *Bethel Park School District v. Bethel Park Federation of Teachers*, 51 Pa. Commonwealth Ct. 104, 414 A.2d 145 (1980), this Court approved an Allegheny County Common Pleas Court Chancellor's preliminary injunction ordering teachers' union members to immediately return to work but, in doing so, rejected that portion of the order which fixed the school's calendar year and the teachers' working terms and conditions in concert with the school district's last negotiation offer to the union. We concluded that the Chancellor exceeded those equitable powers provided for the purpose of ending a strike by judicially imposing a "back-to-work order which incorporated terms of employment never previously in effect nor subsequently agreed upon by the bargaining parties."

On October 22, 1979, the court below, in issuing a decree nisi, declared that the strike was a clear and present danger to the public's health, safety and welfare, adopted verbatim the terms and conditions provision of the Chancellor's October 17 decision contested and decided in *Bethel Park,* and ordered the strike ended. On October 26th, the Chancellor issued his adjudication, to which both the school district and the teachers' union filed timely exceptions. On January 3, 1980, the exceptions were dismissed and the decree nisi affirmed. Cross appeals by the school district and union followed.

Section 1003 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1003, specifically provides judicial authority for equitable relief after the collective bargaining processes have been completely utilized and exhausted only if the strike jurisdiction's court of common pleas "finds that the strike creates a clear and present danger or threat to the health, safety or welfare of the

public." In *Armstrong Education Association v. Armstrong School District*, 5 Pa. Commonwealth Ct. 378, 384, 291 A.2d 120, 124 (1972), we elaborated upon the import of this section:

> By enacting Act No. 195 which authorizes such strikes, the Legislature may be understood to have indicated its willingness to accept certain inconveniences, for such are inevitable, but it obviously intended to draw the line at those which post a danger to the public health, safety or welfare.

In *Bristol Township Education Association v. School District of Bristol Township*, 14 Pa. Commonwealth Ct. 463, 322 A.2d 767 (1974), we concluded that our scope of review is limited to whether apparently reasonable grounds existed for the equitable relief ordered by the court below. Further, if support does exist for the Chancellor's findings and decision, then we will neither consider the merits of the case nor pass upon the reasons for or against the action "unless . . . the rules of law relied upon were palpably wrong or clearly inapplicable." *School District of the City of Pittsburgh v. Zebra*, 15 Pa. Commonwealth Ct. 203, 208, 325 A.2d 330, 333 (1974).

Upon ordering an end to the teachers' strike, the lower court enumerated losses of state subsidies, instructional days, vocational job, higher education and special education opportunities, counseling, social and health services, extracurricular enrichment programs, and employees' work oportunities and wages, all as factors constituting a clear and present danger to the Bethel Park School District community. A thorough review of the record and our above-cited case law on the subject clearly reveals adequate support for the Chancellor's decision to end the strike.

As far as the scope of the back-to-work order is concerned, we have reviewed this matter for the sec-

ond time, only to find a slightly different procedural posture. The school district continues to assault the Chancellor's unwarranted imposition of employment terms and conditions which were neither in effect nor subsequently agreed to by the parties. Following the legal principles and reasoning enumerated in our prior opinion, we

### ORDER

AND Now, September 24, 1980, the Allegheny County Court of Common Pleas order, Docket No. GD 79-26350, dated January 3, 1980, dismissing the parties' exceptions and affirming the decree nisi dated October 22, 1979, is hereby *affirmed,* only to the extent that it enjoins the continuation of the strike, provides for a return to work under previously existing conditions, and orders continued negotiations under the supervision of the Pennsylvania Bureau of Mediation. That order is hereby *reversed* insofar as it approves a return to work under the terms and conditions of employment found in Exhibits 7 and 7A, and incorporated by paragraph three of the decree nisi.

Judge WILLIAMS, JR., concurs in the result only.