455 A.2d 674

**COMMONWEALTH of Pennsylvania**

v.

**John HALL and Sherrie Hall, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1982.

Filed Jan. 14, 1983.

Petition for Allowance of Appeal
Denied May 4, 1983.

Thomas W. Scott, Harrisburg, for appellants.

Richard C. Snelbaker, Assistant District Attorney, Mechanicsburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

WIEAND, Judge:

John and Sherrie Hall have appealed from judgments of sentence imposed following convictions on four counts of truancy for violating the Compulsory School Attendance Law. They have appealed in order to challenge the validity of an educational trip policy established by the Cumberland Valley School District. Finding the policy valid, we affirm the judgments of sentence.

Appellants are the parents of four school-age children who were enrolled during the 1979–1980 academic year in schools within the Cumberland Valley School District. As a result of an extended Christmas holiday in the Caribbean and a long weekend trip to New England in February, all four children had accumulated three unexcused absences from school. Accordingly, appellants were notified, pursuant to the Public School Code of 1949, Act of March 10, 1949, P.L. 30, Art. XIII, § 1333, as amended, 24 P.S. § 13–1333,[1] that further unexcused absences would result

---

**1.** Section 13-1333 of the Public School Code of 1949 provides:

"Every parent, guardian, or person in parental relation, having control or charge of any child or children of compulsory school age, who shall fail to comply with the provisions of this act regarding compulsory attendance, shall on summary conviction thereof, be sentenced to pay a fine, for the benefit of the school district in which such offending person resides, not exceeding two dollars ($2) for the first offense, and not exceeding five dollars ($5) for each succeeding offense, together with costs, and, in default of the payment of such fine and costs by the person so offending, shall be sentenced to the county jail for a period not exceeding five (5) days. Any person sentenced to pay any such fine may, at any time within five (5) days thereafter, appeal to the court of quarter sessions of the proper county, upon entering into a recognizance, with one or more proper sureties, in double the amount of penalty and costs. Before any proceedings are instituted against any parent, guardian, or person in parental relation, for failure to comply with the provisions of this act, the district superintendent, attendance officer, or secretary of the board of school directors, shall give the offending person three (3) days' written notice of such violation. If, after such notice has been given, the provisions of this act regarding compulsory attendance are again violated by the persons so notified, at any time during the term of compulsory attendance, such person, so again offending, shall be liable under the provisions of this section without further notice."

in the institution of summary criminal proceedings against them. In March of 1980, in accordance with the procedure outlined in the Cumberland Valley School District's attendance regulations,[2] appellants sought and received permission for their children to be excused from school to accompany them on an "educational trip" to Washington, D.C. The children's absences on this occasion were recorded as excused. Later in March of the same year, appellants again requested permission to remove their children from school for an additional three days, this time for an asserted "educational trip" to Europe. Authorization for these absences was not forthcoming because the District's written policy provided for only *"one* educational trip per school year, not to exceed five (5) school days." (Emphasis added.) Because their children had previously been excused for a trip to Washington, D.C., the District's policy precluded an additional "educational" absence. Appellants made the trip, nevertheless, and removed their children from school without excuse. As a result, appellants were charged with violating the School Code. Convicted in a summary proceeding, appellants took an appeal to the Court of Common Pleas of Cumberland County. Following trial de novo before the Honorable Harold E. Sheeley, appellants were again found guilty. Post verdict motions were denied, appellants were sentenced to pay four fines of $2.00 each, plus costs, and this appeal followed.

▆ In order to comply with the mandate of the state Constitution to maintain "a thorough and efficient system

2. The attendance regulations provide:
   6100.3  Excused absences include the following:
   . . . .
   6100.3e  Student educational trips
   6100.3e1  A student will be permitted to take one educational trip per school year, not to exceed five (5) school days, with his/her parents/guardian and receive an excused absence provided parents/guardian comply with program requirements. When an educational trip is planned which will require a student to be absent from school, an Educational Trip Form should be completed and returned to the office one week prior to the trip. Neglecting to gain prior approval for the educational trip will result in the recording of unexcused daily absences for those days absent.

of public education," Constitution, Art. III, sect. 14, the General Assembly, in the Public School Code, has prescribed only general rules and standards for the conduct of the educational system; and the State Board of Education has been empowered to "adopt broad policies and principles and establish standards governing the educational programs of the Commonwealth." 22 Pa.Code § 1.2. However, it is the school districts which are the agencies of the state legislature to administer this constitutional mandate to maintain " 'a thorough and efficient system of public schools.' " *Pittsburgh School District v. Allegheny County*, 347 Pa. 101, 104, 31 A.2d 707, 708 (1943) citing *Wilson, et ux. v. Philadelphia School District, et al.*, 328 Pa. 225, 231, 195 A. 90, 94 (1937). Local school boards are responsible for administering the individual school systems and, to that end, may adopt such reasonable rules and regulations as are necessary and proper for the management of school affairs. See: Act of March 10, 1949, P.L. 30, Art. V, § 510, 24 P.S. § 5–510.

■ "[W]hen one attacks the action of a school board concerning matters committed by law to its discretion, he has a heavy burden as the courts are not prone to disturb a school board's decision. Indeed, they are without jurisdiction to interfere therewith unless it is apparent that the school board's conduct is arbitrary, capricious and to the prejudice of public interest. Lack of wisdom or mistaken judgment is insufficient." *Farris v. Swetts*, 158 Pa.Super. 645, 648, 46 A.2d 504, 505 (1946). In short, the courts of this Commonwealth are not "super" school boards with superior knowledge concerning the administration of the public schools or the science of pedagogics. *McCoy v. Lincoln Intermediate Unit No. 12*, 38 Pa.Cmwlth. 29, 36, 391 A.2d 1119, 1123 (1978), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2033, 60 L.Ed.2d 397 (1979). See also: *Zebra v. Pittsburgh School District*, 449 Pa. 432, 437, 296 A.2d 748, 750 (1972); *Christoffel v. Shaler Area School District*, 60 Pa.Cmwlth. 17, 20, 430 A.2d 726, 728 (1981); *O'Leary v. Wisecup*, 26 Pa.Cmwlth. 538, 364 A.2d 770 (1976).

" '[C]ourts are in no position to exercise control over schools and determine the policy of school administration; the judges ordinarily are not equipped for this immense task.' " *Balsbaugh, et al. v. Rowland,* 447 Pa. 423, 431, 290 A.2d 85, 90 (1972) citing *Wilson, et ux. v. Philadelphia School District, et al., supra* 328 Pa. at 236, 195 A. at 97. Therefore, in the absence of a gross abuse of discretion, courts will not second-guess policies of the several boards of school directors. See: *Commonwealth ex rel. Hetrick v. Sunbury School District,* 335 Pa. 6, 11, 6 A.2d 279, 282 (1939); *Hibbs v. Arensberg,* 276 Pa. 24, 26, 119 A. 727, 728 (1923).

■ The legislature has recognized in Section 1327 of the School Code, Act of March 10, 1949, P.L. 30, Art. XIII, § 1327, 24 P.S. § 13–1327, the necessity for requiring compulsory school attendance in order to insure that the children of the Commonwealth are properly educated. The legislature has also provided penalties in cases where those attendance requirements have been violated. *Id.* at § 13–1333. Within the limits of the statutory attendance requirement, it is the duty of each school district to adopt reasonable rules and regulations requiring daily attendance. *Gonzalez v. Philadelphia School District,* 8 Pa.Cmwlth. 130, 138–139, 301 A.2d 99, 104 (1973). Local school boards have discretionary authority to determine what constitutes a sufficient excuse for absence from school. See: 79 C.J.S. Schools and School Districts §§ 463, 466; 68 Am.Jur.2d, Schools, §§ 227, 228, 230.

■ Pursuant to this authority, the Cumberland Valley School Board adopted attendance regulations requiring students to follow a policy of regular school attendance in order that they might receive full benefits from the educational opportunities offered them. Excuses from school attendance were made available in cases of illness, family emergency, medical appointments, authorized school activities and duly authorized educational trips. Excuses for educational trips, as noted earlier, were limited to one trip per year not to exceed five school days. Contrary to

appellants' argument, this policy was not arbitrary or capricious. It represented a sound exercise of that discretion which had been vested in local school boards and was designed to insure continuity in classroom instruction for pupils and teachers alike. Additionally, by establishing clear and explicit standards, the policy relieved individual school administrators, principals or teachers from the burdensome task of evaluating multiple applications for excused absences while nonetheless providing an opportunity for families in the School District to avail themselves of one educational trip per school term.

In restricting the number of educational trips, the Cumberland Valley policy does not run afoul of the Public School Code of 1949. The Code, in fact, is silent regarding the permissibility of such absences. Moreover, the District's policy is compatible with the regulations of the State Board of Education which, in permissive language, countenance temporary absences from school attendance for, inter alia, "*an* educational tour ... during the school term ...." 22 Pa.Code § 11.26 [3] (emphasis added).

Similarly, it cannot successfully be contended that the Cumberland Valley District's policy violated rights guaranteed to appellants by the Constitutions of Pennsylvania and the United States. The power of the state to require that children attend school is now beyond question. The state is obliged to "assur[e] children adequate preparation for the independent and intelligent exercise of their privileges and obligations as citizens in a free democracy." *Commonwealth ex rel. School District of Pittsburgh v. Bey,* 166 Pa.Super. 136, 140, 70 A.2d 693, 695 (1950). The natural, but not inalienable, right of parents to the custody

---

3. Section 11.26 of Title 22 of the Pennsylvania Code, in its entirety, provides:

Upon receipt of a written request from the parents of the pupils involved, pupils may be excused from school attendance to participate in an educational tour or trip provided during the school term at the expense of the parents when such tour or trip is so evaluated by the District Superintendent and pupil participants therein are subject to direction and supervision by an adult personage acceptable to the District Superintendent and to the parents of the pupils concerned.

and control of their children is not in conflict with this power of the state, which may, in order to fulfill its duty to educate children, impose reasonable regulations requiring regular school attendance without impinging on constitutional freedoms.

Appellants make the further argument that the trial court erred in refusing to allow the testimony of two defense witnesses concerning the educational value of the unexcused trip and the overall effect of the absences on the Hall children and the Cumberland Valley educational program. It is a well established evidentiary principle that in order for evidence to be admissible it must be relevant. The test for relevancy is whether the proffered evidence tends to prove or disprove a material issue. *Commonwealth v. Brown*, 489 Pa. 285, 303, 414 A.2d 70, 79 (1980); *Commonwealth v. Scott*, 480 Pa. 50, 54, 389 A.2d 79, 82 (1978); *Commonwealth v. Kichline*, 468 Pa. 265, 284, 361 A.2d 282, 292 (1976); *Commonwealth v. Davenport*, 462 Pa. 543, 555, 342 A.2d 67, 72 (1975); *Commonwealth v. Stewart*, 461 Pa. 274, 278, 336 A.2d 282, 284 (1975); *Commonwealth v. Myers*, 439 Pa. 381, 384, 266 A.2d 756, 758 (1970); *Commonwealth v. Vukovich*, 301 Pa.Super. 111, 118, 447 A.2d 267, 270 (1982), quoting 29 Am.Jur.2d, Evidence § 252; *Commonwealth v. Minton*, 288 Pa.Super. 381, 393, 432 A.2d 212, 217–218 (1981); *Commonwealth v. Krajci*, 283 Pa.Super. 488, 495, 424 A.2d 914, 918 (1981). See also: McCormick, Law of Evidence, § 185 (2d ed. E. Cleary 1972); 1 Henry, Pennsylvania Evidence, § 2 (4th ed. 1953). Instantly, the sole issue was whether appellants had violated Pennsylvania's compulsory attendance law and the policy regulations adopted in support thereof by the Cumberland Valley School District. This issue was quite unaffected by the quality of the trip which underlay the absences of their children. Moreover, the Commonwealth did not dispute, indeed it conceded, the educational value of the proposed trip. Under these circumstances, the trial court's refusal to permit the proffered testimony was not error.

Stripped of the emotion which appears to have surrounded this case from the outset, all that remains is appellants' fundamental disagreement with the judgment and decision of the school board. Their assertion of an unconditional right to take their children on multiple educational trips in contravention of school district policy is without foundation in logic or in law. Continuity in a course of study through requirements which reasonably compel regular school attendance is a matter of paramount importance to which the views of individual parents must yield.

The orders and judgments of sentence are affirmed.