Mifflin County School District, Appellant *v.* Kenneth W. Stewart, II, a Minor, by Kenneth W. Stewart and Jean C. Stewart, his natural parents and guardians, Appellees.

Argued November 14, 1985, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Norman L. Levin, Brugler & Levin,* for appellant.

No appearance for appellees.

*Stephen S. Russell,* Chief Staff Counsel, for Amicus Curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE CRAIG, January 23, 1986:

Mifflin County School District appeals an order of the Court of Common Pleas of Mifflin County which reinstated a suspended high school student and directed that he be permitted to attend his high school graduation exercises. We affirm.

On May 29, 1984, Lewistown High School authorities suspended Kenneth W. Stewart, II, then a senior at the high school, because he had been involved in a fight on school property with other students earlier that morning. School Principal James Schnell suspended Stewart for three days and scheduled an informal hearing for May 31, the third day of Stewart's suspension. After the hearing, the school authorities decided to suspend Stewart for an additional four school days, thus barring him from commencement ceremonies on June 5, and to schedule a formal hearing before a panel of school board members on the day following commencement.

Stewart's parents then petitioned the Common Pleas Court of Mifflin County to reinstate Stewart in his class and to permit him to be graduated with his class on June 5. Judge SEARER granted the relief requested. The trial court found as a matter of fact that the district did not comply with the procedural requirements of 22 Pa. Code §12.8.

## The Issue of Mootness

Although the matter involved in this appeal is now certainly moot, the court will decide this appeal because it involves an important public question which could otherwise escape review repeatedly. *Colonial*

*Gardens Nursing Home, Inc. v. Bachman,* 473 Pa. 56, 373 A.2d 748 (1977).

## The Property Right Issue

This case appears to pose the question of whether or not a student has a property right as to attendance at his graduation ceremony. Even if this court were to agree with the Stewarts' premise (citing *Goss v. Lopez,* 419 U.S. 565 (1975)) that there is a property right with respect to receiving an education, so that a student could not be excluded from public school without due process, our holding is that a graduation *ceremony* is not within the scope of any property right which might exist in that respect, for the reason that commencement ceremonies are only symbolic of the educational end result, not an essential component of it. Here, the district conceded that Stewart had completed the necessary requirements in order to obtain his high school diploma and that Stewart would be graduated, even though he would not receive his diploma with his classmates at the scheduled public ceremony. Hence, the suspension effected no deprivation as to education.

## The Issue of Expulsion

The district questions the trial court's conclusion that the aggregate suspension, which went beyond the graduation date, was the equivalent of an expulsion because there could be no return to school after the suspension period. In Finding No. 15, the judge stated:

(E) Suspension beyond the school year is tantamount to expulsion. . . .

That statement overlooks the fact that, with a departing senior involved in this case, there could be no expulsion because the student was in fact graduated. One is not expelled if one is made an alumnus.

## The Procedural Requirements

Here the school authorities directed that Stewart serve two consecutive suspensions totaling seven schooldays. The first suspension, lasting three schooldays, was properly within the summary suspension authority of the high school principal under provisions of 22 Pa. Code §12.6(b)(1)(i). The validity of that suspension is not questioned.

However, for a suspension of more than three school days, the school authorities must provide student and parents the "opportunity for an informal hearing consistent with requirements" set forth in 22 Pa. Code §12.8(c) (relating to hearings). The trial judge's Finding No. 15 states, in part, that:

15. The Mifflin County School Board failed to abide by due process in that:

(A) No notification was given in writing of the reason for the suspension to the student or his parents.

. . . .

Testimony by Stewart and his parents supports that finding. Although the record shows that the school authorities orally notified the parents, the district also admits that Stewart's parents did not receive the required written notification of the reasons for the suspension before the informal hearing took place.

Therefore, the four-day additional suspension, embracing the date of Stewart's graduation, was not valid because the district did not adhere to the requirements of 22 Pa. Code §12.8(c)(2)(i), which requires that the notice be in writing.

### Order

Now, January 23, 1986, the order of the Court of Common Pleas of Mifflin County dated June 5, 1984, is affirmed.