512 A.2d 805

Jersey Shore Education Association, Pennsylvania State Education Association and All Classroom Teachers and Professional Personnel Employed by the Jersey Shore Area School District Who Are Members of the Pennsylvania State Education Association and/or The Jersey Shore Education Association, Appellants *v.* The Jersey Shore Area School District, Appellees.

Argued May 14, 1986, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*William A. Hebe, Spencer, Gleason & Hebe,* for appellants.

*Paul W. Reeder, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht,* for appellees.

OPINION BY JUDGE PALLADINO, July 23, 1986:

This is an appeal by the Jersey Shore Education Association[1] (Association) from an order of the Court of Common Pleas of Lycoming County (trial court) which enjoined the Association from continuing to engage in a strike against the Jersey Shore Area School District (District). We affirm.

On June 30, 1984, the collective bargaining agreement which had previously existed between the Association and the District expired. The Association and the District commenced negotiations for a new agreement, in accordance with the provisions of the Public Employee Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.101-1101.2301 (PERA), but were unsuccessful in achieving a new contract before the commencement of the 1984-85 school year. The teachers reported to work on September 5, 1984, the first day of the school year, and went out on strike on September 10, 1984.

On October 8, 1984, the District filed a complaint in equity seeking to enjoin the strike and the trial court held a hearing on October 10, 1984. At the conclusion of the hearing, the trial court announced its decision to enjoin the strike effective October 15, 1984. The Association then advised the trial court that its members would be willing to return to work on October 11, 1984. Based upon this offer by the Association, the trial court modified its order and enjoined the strike effective October 11, 1984. On October 23, 1984, after a rehearing, the trial court denied Appellant's request for reconsideration.

---

[1] This appeal is brought by all teachers and professional employees of the Jersey Shore Area School District. Some are members of the Jersey Shore Education Association, others are members of the Pennsylvania State Education Association. For brevity's sake we refer to all Appellants as "Association".

In support of its order, the trial court filed an opinion which contained findings of fact, including the following:

7. The District is required by law and regulation to provide a minimum of 180 days of instruction for its Students, which must be completed on or before June 28, 1985.

8. In order for the District to provide 180 days of instruction on or before June 28, 1985, instruction must resume no later than October 17, 1984.

9. The District's original calendar for the 1984-85 school year listed the last day of instruction as June 6, 1985. The District's new proposed school calendar lists the first and last days of resumed instruction as October 17, 1984 and June 28, 1985.

. . . .

11. If the strike by the defendants were to continue, the following injury would be sustained:

a) The District would suffer substantial loss of state reimbursement for failure to comply with the state requirements of providing a minimum of 180 instructional days on or before June 28, 1985.

b) The District could be subject, potentially, to legal action brought by the Pennsylvania Department of Education, seeking to enforce the requirements of providing 180 days of instruction.

. . . .

The trial court concluded that the harm to the District as enumerated in Finding of Fact number 11, created a clear and present danger to the health, safety and welfare of the public. It was upon the basis of this conclusion that the trial court enjoined the strike.

The Association appeals from the order of the trial court asserting that the trial court erred in enjoining the strike because the harm to the District which the trial court relied upon, particularly the loss of state subsidies,[2] does not constitute a clear and present danger to the public.

We begin by noting that the matter involved in this appeal is now moot. However, we will decide the merits of the appeal because it involves an important and recurring public issue which would otherwise repeatedly escape review. *Mifflin County School District v. Stewart*, 94 Pa. Commonwealth Ct. 313, 503 A.2d 1012 (1986).

Our scope of review is limited to determining whether apparently reasonable grounds existed for the equitable relief ordered by the trial court. *Bethel Park*

---

[2] The trial court also concluded that if the strike was not enjoined the District would suffer other injuries, including: the expenditure of substantial sums of money for the salaries of non-striking employees and maintenance costs; senior high school students would be disadvantaged in seeking admission to college; all students would be unable to participate in state-mandated testing programs; students would be harmed by being unable to participate in the free-lunch program; and working parents would be harmed by the need to secure babysitting services.

This Court has held that these types of harm do not *necessarily* constitute a clear and present danger or threat to the public which would require that a teacher's strike be enjoined because each of these harms is an inconvenience which the legislature could reasonably have expected would ordinarily occur as a result of a strike by public school teachers. *Bristol Township Education Association v. School District of Bristol Township*, 14 Pa. Commonwealth Ct. 463, 322 A.2d 767 (1974).

Because we conclude that the trial court correctly determined that a clear and present danger to the health, safety or welfare of the public was presented by the impending loss of state subsidies, we need not address the other harms occasioned by the strike in the case at bar.

*School District v. Bethel Park Federation of Teachers,*
54 Pa. Commonwealth Ct. 49, 420 A.2d 18 (1980). If
support exists for the trial court's findings and if the
rules of law relied upon by the trial court are not palpa-
bly wrong or clearly inapplicable, we will affirm the ac-
tion of the trial court. *Id.*

Section 1003 of PERA, 43 P.S. §1101.1003, provides
that a lawful strike by public employees may only be
enjoined if the trial court "finds that the strike creates a
clear and present danger or threat to the health, safety
or welfare of the public." With respect to strikes by
public school teachers, this Court has held:

> The danger that the District will lose state subsi-
> dies because of a strike would be proper grounds
> for enjoining the strike if such danger were
> 'clear and present'. . . . If the strike lasted so
> long, therefore, that any continuation would
> make it unlikely that enough days would be
> available to make up the 180 required, the
> teachers could be properly enjoined from con-
> tinuing it.

*Armstrong School District v. Armstrong Education As-
sociation,* 5 Pa. Commonwealth Ct. 378, 385-86, 291
A.2d 120, 124-25 (1972).

In the case at bar the trial court found that the loss
of state subsidies for failure to comply with the require-
ment of providing 180 days of instruction was immi-
nent. This finding is supported by evidence of record,
particularly by the testimony of the Superintendent of
Schools for the District. The trial court concluded that
the imminent loss of state subsidies created a clear and
present danger to the public. This conclusion is in ac-
cord with our prior decisions and does not constitute an
error of law.

Accordingly, the order of the trial court is affirmed.

ORDER

AND NOW, July 23, 1986, the order of the Court of Common Pleas of Lycoming County, at No. 84-01972, dated October 10, 1984, is affirmed.

---

DISSENTING OPINION BY JUDGE CRAIG:

The decisions of this court have consistently held that the prospective loss of state subsidy for failure to comply with the 180-day instruction requirement is not, in itself, a sufficient basis for a trial court to issue an injunction against a strike of schoolteachers. In *Bristol Township Education Association v. School District of Bristol Township,* 14 Pa. Commonwealth Ct. 463, 322 A.2d 767 (1974), both the majority and the dissenting opinions asserted that the mere threatened loss of subsidy alone is not sufficient to warrant an injunction.

In this case, the findings and conclusions of the trial judge identify no particular danger arising from the threatened loss of subsidy; thus, to affirm the injunction is to base it upon the passage of time alone.

President Judge CRUMLISH and Judge DOYLE join this dissent.

---

DISSENTING OPINION BY JUDGE DOYLE:

In *Scanlon v. Mount Union Area Board of School Directors,* 51 Pa. Commonwealth Ct. 83, 415 A.2d 96 (1980), *aff'd per curiam,* 499 Pa. 215, 452 A.2d 1016 (1982), we held that 180 days of instruction are required under Section 1501 of the Public School Code of 1949[1] and strike activity can justify providing less than 180 instructional days only when it renders scheduling *impossible.* Although the trial court in the present instance found that in order to provide the required number of

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §15-1501.

days instruction would have to resume no later than October 17, 1984, implicit in that finding was an allowance of six snow days[2] which could have been made up in various other ways if snow did occur.

In *Armstrong School District v. Armstrong Education Association*, 5 Pa. Commonwealth Ct. 378, 386, 291 A.2d 120, 125 (1972) we said:

> If a strike is to be enjoined on the basis that insufficient make-up time actually will exist, the strike must at the very least have reached the point where its continuation would make it either clearly impossible or extremely difficult for the District to make up . . . [the lost time].

As in *Armstrong*, the injunction here was premature; there was no clear and present danger to the public as is required prior to the issuance of an injunction under Section 1003 of the Public Employee Relations Act.[3]

Judge CRAIG joins in this dissent.

---

[2] The Superintendent of Schools testified that the last possible day for a strike to continue and still schedule 180 pupil instruction days, with six snow days, was October 17, 1984. There was other testimony that the last day would have been October 19, 1984.

[3] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.1003.