# Mullane v. Wyalusing Area School District

C.P. of Bradford County, no. 95 CV 000197.

*Jeffery P. Osmond,* for plaintiffs.
*Ellis H. Katz,* for defendants.

MOTT, *J.,* January 22, 1996—From the pleadings and affidavits on file, the undisputed material facts allow the court to make the following:

## FINDINGS

(1) On May 2 or 3, 1995 Martin Weisgold, principal of the Wyalusing Valley Jr. Sr. High School, summarily suspended the plaintiffs, Robyn Burns and Tamara Mullane, students at the high school, for an incident allegedly involving alcohol which had earlier occurred off school property, but at a school-related activity. The suspensions were effective beginning May 4, 1995 and were for a period of 10 days.

(2) On May 11, 1995, the plaintiffs filed a complaint for declaratory relief and a petition for a preliminary injunction seeking to have the suspensions declared to be invalid and to have the students reinstated to classes and regular activities at the school. The court issued such a preliminary injunction on that date reinstating the students pending a hearing to be held before the court on May 16, 1995.

(3) On May 16, 1995 the court issued an order directing that written notice of the reasons for the students' suspensions be faxed to the plaintiffs' counsel by the close of business of that day, and that upon the completion of an informal hearing to be held on May 18, 1995, the preliminary injunction would be lifted.

(4) Apparently, the defendants complied with the order of May 16, 1995 and held an informal hearing on May 18, 1995, because the students served, without further protest to the court, the remaining three days

of their 10-day suspension, from May 19 to May 23, 1995.

(5) On May 19, 1995, formal written notice of the disciplinary decision, and the reasons therefor, were sent by the defendants to the plaintiffs. The decision was to, among other things, suspend the students out of school for the 10-day period, to be followed by in-school suspensions of two days for Tamara Mullane, and 12 days for Robyn Burns.

(6) On May 22, 1995, the plaintiffs met with the defendants' board of school directors in an apparent attempt to have the decision reviewed, and the plaintiffs were informed that the decision would not be disturbed.

(7) The students served their respective in-school suspensions.

## DISCUSSION

Exclusions from school, and the due process requirements relating thereto, are controlled by sections 12.6 and 12.8 of title 22 of the Pennsylvania Code.

22 Pa. Code §12.6 states, among other things, that an exclusion from school may take the form of a suspension or an expulsion. A suspension is an exclusion from school for from one to 10 consecutive school days and may be imposed by the principal, and an expulsion is an exclusion from school for a period exceeding 10 school days and may be imposed only by the board of education. *All* expulsions require a formal hearing *before* being imposed, whereas a suspension requires that the student and his or her parents be given an opportunity for an informal hearing when the suspension exceeds three school days. Furthermore, *prior* notice of *any* intended suspension is to be given *unless it is clear* that the health, safety or welfare of the school

community is threatened. In addition, the parents of the student are to be *immediately* notified in writing when a student is suspended.

22 Pa. Code §12.8 states, among other things, that the school district must offer to hold the informal hearing relating to a suspension within the first five days of the suspension, that notification of the reasons for the suspension must be given in writing to the student and his or her parents, that sufficient notice of the time and place of the informal hearing must be given, and that the purpose of the hearing is *to enable the student to show cause why he or she should not be suspended,* or to explain the circumstances surrounding the event for which he or she is being suspended.

Thus, it is apparent from the record that the defendants here violated the requirements of the Pennsylvania Code. They did so by imposing the suspensions at issue in this case in the following ways, one or more of which are violations of that code:

(1) Summarily suspending the students for a period in excess of three days.

(2) Failing to *immediately* notify the parents or the students of the suspension in writing, and not doing so until, at the earliest, May 16, 1995, some 12 days after the suspensions took effect.

(3) Failing to give *prior* notice of the intent to suspend when it may not have been clear that the health, safety or welfare of the school community was threatened at the time the suspensions were imposed.

(4) Failing to offer an informal hearing *prior* to the suspensions taking effect when it may not have been clear that the health, safety or welfare of the school community was threatened at the time the suspensions were imposed.

(5) Failing to offer an informal hearing within the first five days of the suspensions, and not doing so until apparently May 16, 1995, some 12 days after the suspensions took effect, and not holding the informal hearing until May 18, 1995, some 14 days after the suspensions took effect.

(6) Failing to give written notification of the *reasons* for the suspensions to the parents and the students *before* the informal hearing, *and before* the suspensions took effect where it may not have been clear that the health, safety or welfare of the school community was threatened at the time the suspensions were imposed, and not giving such notice at all until, at the earliest, May 16, 1995, some 12 days after the suspensions took effect.

## CONCLUSION

As a result of the foregoing, it is clear that these suspensions were not valid until the defendants came into compliance, at least minimally, with the requirements of the Pennsylvania Code by giving written notification of the reasons for the suspensions and by offering to hold an informal hearing, which apparently occurred on May 16, 1995, and by holding such an informal hearing on May 18, 1995. Therefore, any suspensions that occurred and were served before May 19, 1995 were clearly invalid. See *Mifflin County School District v. Stewart,* 94 Pa. Commw. 313, 503 A.2d 1012 (1986). As a result, we enter the following:

## ORDER

And now, January 22, 1996, the plaintiffs' motion for summary judgment is granted in part and denied in part as follows:

(1) We declare that portion of the student-plaintiffs' out-of-school suspensions which were imposed by the defendants, and served by the student-plaintiffs, before May 19, 1995 to be invalid, and the defendants are directed to expunge such portion of the suspensions from the records of the student-plaintiffs.

(2) In all other respects the motion for summary judgment is denied.