**In re APPEAL OF JAD.**

**Appeal of Clarion–Limestone School District.**

Commonwealth Court of Pennsylvania.

Argued May 7, 2001.
Aug. 14, 2001.

William R. Strong, Clarion, for appellant.

H. John Drayer, Clarion, for appellee.

Before COLINS and PELLEGRINI (P.), Judges, and RODGERS, Senior Judge.

COLINS, Judge.

Clarion–Limestone School District (school district) appeals from the order of the Court of Common Pleas of Clarion County (trial court) granting JAD's motion to quash/sustain appeal finding there no longer exists a case or controversy.

In the 1997–1998 school year, JAD was a tenth grade student at the Clarion–Limestone High School. On May 4, 1998, JAD used a pocketknife to gain access to a vending machine area in the school. The

school district assigned JAD a five-day out-of-school suspension. JAD was then notified by letter that an expulsion hearing would take place for the alleged violation of the Clarion–Limestone "Weapons and Dangerous Instruments Policy." [1]

On May 8, 1998, JAD's attorney filed, and was granted, a petition for preliminary injunction enjoining the school district from implementing the suspension because it interfered with several of JAD's examinations. On May 14, 1998, the school board met and affirmed the suspension of JAD. Although the school board made a record of the testimony, it did not make a record of its deliberation phase. On May 21, 1998, JAD then filed an appeal of the school board's decision to the trial court. At this point, the trial court established a briefing schedule in which JAD requested several extensions. The school district wrote several letters to JAD's counsel informing him of the tardiness of his brief. On September 10, 1999, the school district filed a motion to dismiss JAD's appeal for failure to file a brief and accused JAD of deliberately delaying the matter so that JAD would graduate without serving the suspension. Approximately fifteen months after JAD filed his appeal, JAD filed his brief on September 16, 1999. The trial court dismissed the school district's motion to dismiss upon receipt of JAD's brief.

By letter dated May 17, 2000, the school board informed JAD that he could not participate in the graduation unless he served his suspension. A hearing on the appeal was scheduled for March 21, 2000; however, the trial court remanded the matter back to the school board for a second evidentiary hearing. The trial court remanded because it felt the record was incomplete, and it was unable to make a proper decision based on the issues raised in the briefs. JAD was scheduled to graduate on June 2, 2000. JAD filed a petition for stay of proceedings and a petition for injunctive relief claiming that JAD was being punished without a proper adjudication of the alleged violations. [2] During this time, the school board attempted to schedule the remand hearing but did not get a response from JAD's attorney. After a hearing on May 30, 2000, the trial court granted JAD's petition for injunctive relief, and JAD attended his graduation ceremony.

Ultimately, the school board scheduled the remand hearing for June 15, 2000, in which JAD's attorney did not appear. JAD filed a motion to quash because JAD had graduated and asserted that the matter was moot. The trial court denied this motion after oral argument. On June 22, 2000, JAD filed a motion to quash/sustain appeal, again asserting that the matter was moot because JAD had already graduated. The trial court sustained this motion on August 1, 2000, finding that a case or controversy no longer existed.

In this appeal, [3] the school district claims: 1) the trial court erred in granting

---

1. 6527 Dangerous weapons and replicas of weapons are forbidden on school property.

No students shall knowingly possess, handle, or transmit knives, ice picks, explosives, machetes, firearms, air guns, irritating or poisonous gases, poisons, or other objects that are fashioned with the intent to use, sell, harm, threaten or harass students, staff, parents or patrons in any school building, on any school premise, on any school bus, or off the school grounds at any

school activity, event or function before, during or after school hours.
Any student violating this policy may be suspended or expelled in compliance with the requirements of the "Gun Free Schools Act of 1994," Act 26, or similar legislation.

2. Upon review of the record, we note that both injunction orders originate from the same docket.

3. Our scope of review is limited to determining whether the trial court abused its discre-

JAD's motion to quash/sustain the appeal because the matter is not moot; 2) the trial court did not have jurisdiction when JAD was punished with only a five-day suspension; 3) the trial court erred in remanding the proceeding to the school board in order to take additional evidence; 4) the trial court erred in failing to dismiss JAD's appeal because JAD's attorney deliberately delayed filing JAD's brief; and 5) the trial court erred in granting JAD's petition for injunctive relief because there is no proprietary right to attend graduation and JAD failed to post bond.

■ We initially note that this matter is technically moot. However, an exception to the mootness doctrine is appropriate because the present issues are capable of repetition and could hinder the district's ability to regulate the conduct of students. *See, e.g., Flynn–Scarcella v. Pocono Mountain School District,* 745 A.2d 117 (Pa.Cmwlth.2000) (appellate review of a decision permitting participation in graduation ceremony during suspension deemed not moot because issue capable of repetition, yet likely to evade review, and school district's ability to enforce student conduct of great public importance); *Colonial Gardens Nursing Home, Inc. v. Bachman,* 473 Pa. 56, 59, 373 A.2d 748 (1977) (court may decide cases with substantial questions, otherwise moot, which are capable of repetition unless settled). Here, in an effort to ensure the school district's authority and ability to elude similar scenarios in the future, this Court will decide the appeal.

The school district avers that JAD did not have a right to appeal the school board's decision to the trial court. Different rights attach to expulsions and suspensions under 22 Pa.Code §§ 12.6 and 12.8 (Code). Expulsion is exclusion from school by a board of education for a period

exceeding ten school days, and it requires a formal hearing. 22 Pa.Code § 12.6(b)(2). If a student disagrees with the results of the formal hearing, the student has a right to seek recourse in the appropriate court of the Commonwealth. 22 Pa.Code §§ 12.8(b)(2) and 12.8(c). The Code does not provide any recourse from a school district's decision to suspend a student for fewer than ten days. Moreover, in *Flynn–Scarcella,* 745 A.2d at 120, we stated,

> The law is clear that in Pennsylvania, local school boards have broad discretion in determining school disciplinary policies. *Hamilton v. Unionville–Chadds Ford Sch. Dist.,* 552 Pa. 245, 714 A.2d 1012 (1998). Therefore, when one attacks a school board action on matters committed by law to its discretion, he has a heavy burden, as the courts are not prone to interfere unless it is apparent that the school board's actions are arbitrary, capricious, and prejudicial to the public interest. *Commonwealth v. Hall,* 309 Pa.Super. 407, 455 A.2d 674 (1983). In the absence of a gross abuse of discretion, the courts will not second-guess policies of the school board. *Id.*

■ Here, the school district initiated proceedings as an expulsion hearing by a letter dated May 6, 1998. However, on May 8, 1998, JAD's attorney filed, and was granted, a petition for preliminary injunction enjoining the school district from implementing the suspension because it interfered with several of JAD's examinations. On May 14, 1998, the school board met and affirmed the suspension of JAD. At this point, the trial court had no appellate jurisdiction because the school board issued a five-day suspension and the Code does not provide any recourse for a suspension for fewer than ten days.

---

tion, committed an error of law, or violated constitutional rights. 2 Pa.C.S. § 754(b);

*Hamilton v. Unionville–Chadds Ford School District,* 552 Pa. 245, 714 A.2d 1012 (1998).

The school district also avers that the trial court abused its discretion in issuing the April 25, 2000 remand order directing a second evidentiary hearing. The school district asserts that the remand created an "impossible situation" because JAD was supposed to graduate in just 43 days after the remand. However, the trial court explained that JAD would miss graduation without a prior determination of the alleged violations unless a second hearing took place.

The Local Agency Law permits a trial court to remand to a school board for the purpose of making a full and complete record. 2 Pa. C.S. § 754. It is clear from the record that the school district attempted to hold the remand hearing before JAD's graduation, but JAD's attorney never responded to the school district's letters.[4] While the trial court's actions were procedurally proper, unfortunately, JAD's attorney failed to cooperate with scheduling a remand hearing and eventually evaded it to his favor.

■ The school district next asserts that the trial court should have dismissed JAD's appeal because JAD's attorney deliberately delayed filing his brief for over one year. Under Clarion County Rule 303(c), the trial court has the discretion in dealing with a party's failure to file a brief.[5] Despite the fact that the school district actively requested the filing of JAD's brief, it did not exercise its right to file a motion to dismiss until September 19, 1999. Thus, this Court will defer to the discretion of the trial judge on this matter, even though JAD's untimeliness in filing his brief is highly suspect.

Next, the school district asserts that the trial court erred in granting JAD's petition for injunctive relief, which allowed him to attend graduation because there is no proprietary right to attend graduation. As noted by the school district in *Mifflin County School District v. Stewart*, 94 Pa. Cmwlth. 313, 503 A.2d 1012 (1986), "a graduation *ceremony* is not within the scope of any property right ... for the reason that commencement ceremonies are only symbolic of the educational end result, not an essential component of it." The trial court granted the injunction because the remand hearing had not taken place before the graduation ceremonies. Therefore, the trial court acted in order to make certain JAD had a proper hearing and not, as the school district asserts, because JAD had a right to attend his graduation.

Penultimately, the school district avers that the trial court erred in failing to require that JAD file a bond when the petition for injunctive relief was granted on May 30, 2000. As the school district correctly states, a bond is required when a preliminary or special injunction is granted. Pa. R.C.P. No. 1531(b). However,

---

**4.** By letter dated May 22, 2000, the school district informed JAD that the school board was available for the remand hearing on May 30, June 1, June 8, and June 15. (Original Record.)

**5.** Clarion County Local Rule 303(c) states,

C. Failure to File Brief

(1) Moving Party's Failure. If the moving party fails to file a brief in accordance with these rules, the responding party, after ten days notice by regular mail to the moving party's attorney or to the moving party if the moving party has no attorney, may file a motion requesting the Court to dismiss the pleading, motion, petition or other paper which raises the issue before the court. The court shall act on such motion, without briefing and without argument and the court may dispose of this motion by (1) dismissing the initial pleading, motion, petition or other paper which raised the issue for disposition; (2) disposing of the issue raised in the initial pleading, motion, petition or other papers without benefit of brief; or (3) directing that brief be filed by the moving party.

this appeal does not relate to the issuance of the preliminary injunction. The trial court was not required to order a bond prior to the issuance of the final injunction. The issue of the bond requirement regarding the preliminary injunction granted on May 8, 1998 was never properly preserved for appellate review.

Finally, we note that we are greatly disturbed by these proceedings. The ability to prolong the suspension of a school student for such a length of time hamstrings the ability of local school boards to maintain proper discipline. In essence, the school district imposed a reasonable penalty[6] upon JAD but was prevented from enforcing it. The incident involving the vending machine occurred on May 4, 1998. Through skillful manipulation of the court system, JAD's attorney delayed this matter for over two years, such that no sanctions were ever imposed upon JAD. Inordinate delay in any legal proceeding frustrates justice, since one party may obtain benefits from undue delay, such as has occurred in the instant case.

Since the present issues are capable of repetition, we reverse the trial court, despite the matter having become moot through inordinate delay. *See Colonial Gardens Nursing Home, Inc.*

Senior Judge RODGERS dissents.

### ORDER

AND NOW, this 14th day of August 2001, the order of the Court of Common Pleas of Clarion County in the above-captioned matter is reversed.

---

**6.** Section 510 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 5–510, provides that the board of school directors in any school district may adopt and enforce such reasonable rules and regulations as it may deem necessary an proper, regarding the management of its school affairs and the conduct and deportment of all pupils attending the public schools in the school district.