# DeCaro v. Pocono Mountain School District

C.P. of Monroe County, no. 5561 Civil 2010.

*Brett J. Riegel,* for plaintiffs.
*Ellen Shurdack,* for defendants.

VICAN, *P.J.,* June 18, 2010—

## FINDINGS OF FACT

(1) Michael DeCaro, Zachary Gocek, and Daniel Snyder (plaintiffs) bring this action for a preliminary injunction based on a decision rendered by the Pocono Mountain School District (defendant) to prohibit plaintiffs from participating in the June 18, 2010 graduation ceremony.

(2) Defendant informed plaintiffs that they were not permitted to attend the graduation ceremony due to their presence at a June 14, 2010 party in Wayne County at which underage individuals consumed alcohol and an act of vandalism was committed. The party occurred after academic classes had concluded for the year.

(3) Defendant became aware of plaintiffs' presence at the party when two of the plaintiffs failed to attend a graduation ceremony rehearsal on June 15, 2010. The third plaintiff arrived at the rehearsal late.

(4) At the preliminary injunction hearing, each plaintiff took the stand and testified that he was not involved in the vandalism, but was detained and questioned by the Pennsylvania State Police with regards to the incident. Plaintiffs were late to/absent from the June 15, 2010 graduation rehearsal because they were concurrently cooperating with the police in Wayne County.

(5) No charges have been filed against plaintiffs.

(6) Defendant notified plaintiffs that they were precluded from attending the graduation ceremony orally. No written notice was provided.

(7) Defendant's basis for prohibiting plaintiffs from attending graduation is violation of the following school district policies:

(a) Rule 122.1, page 4, paragraph 9 of the school district's code of conduct for athletics and extracurricular activities: "Students must not attend an event where drugs or alcohol are being distributed to minors."

(b) Policy 122, 123, page 3: "This policy shall also apply to student conduct that occurs off school property and would violate the code of conduct if: (1) There is a nexus between the proximity or timing of the conduct in relation to the student's attendance at school or school-sponsored events . . . (4) The conduct has a direct nexus to attendance at school or a school-sponsored activity, such as an agreement to complete a transaction outside of school that would violate the code of conduct. (5) The conduct involves the theft or vandalism of school property."

(8) Plaintiffs argue that defendant's application of these policies is an abuse of its discretion. In support of this argument, plaintiffs called Pocono Mountain School District Superintendant, Dwight Pfennig, who testified that there are students who committed acts of vandalism on school property but will be allowed to participate in the graduation ceremony if they repair the vandalism.

(9) Policy 233, page 3 provides that in the case of vandalism: "[T]hese offenses will be referred to the proper law enforcement authorities for criminal prosecution."

(10) None of the individuals involved in the school property vandalism have been referred to law enforcement and all are still permitted to participate in the graduation ceremony.

(11) Plaintiffs argue that in failing to apply school policies uniformly to plaintiffs and the school vandals alike, defendant has applied its policies arbitrarily and capriciously.

(12) Relevant case law provides:

(a) "[A] graduation ceremony is not within the scope of any property right which might exist in that respect, for the reason that commencement ceremonies are only symbolic of the educational end result, not an essential component of it." *Mifflin County School District v. Stewart,* 94 Pa. Commw. 313, 315, 503 A.2d 1012, 1013 (1986).

(b) "The law is clear that in Pennsylvania, local school boards have broad discretion in determining school disciplinary policies. . . . [T]he courts are not prone to interfere unless it is apparent that the school board's actions are arbitrary, capricious, and prejudicial to the public interest." *Flynn-Scarcella v. Pocono Mountain School District,* 745 A.2d 117, 120 (Pa. Commw. 2000). (citations omitted)

(c) Our Supreme Court has defined "arbitrary" as "conduct . . . based on random or convenient selection or choice rather than on reason or nature." *Thunberg v. Strause,* 545 Pa. 607, 615, 682 A.2d 295, 299 (1996). Capricious has been variously defined as erratic, flighty, or unpredictable.

(13) Here, defendant has applied its policies stringently to plaintiffs, but failed to use the same rigidity

with the school vandals. As a result, it is apparent that defendant's actions are arbitrary and capricious.

(14) While our intention is not to thwart school disciplinary policies, we base our decision on the legal requirement that schools do not apply such policies arbitrarily.

## ORDER

And now, June 18, 2010, plaintiffs' preliminary injunction is granted; plaintiffs are permitted to attend and participate in the June 18, 2010 graduation ceremony.